[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 162.]

THE STATE OF OHIO, APPELLEE, *v.* STROHACKER, APPELLANT.

[Cite as *State v. Strohacker*, 1996-Ohio-334.]

*Criminal law—Operating motor vehicle under the influence of alcohol—Evidence—Chemical test to determine intoxication not rendered inadmissible by failure to advise accused of statutory right to another test provided by R.C. 4511.19(D)(3).*

(No. 96-888—Submitted November 12, 1996—Decided December 11, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006139.

————————————

*Bradley & Giardini Co., L.P.A.,* and *Jack W. Bradley*, for appellant.

————————————

{¶ 1} The discretionary appeal to this court was allowed only as to "Proposition of Law One," which states:

"Failure to advise a defendant of his right to an independent chemical test violates both the defendant's statutory and constitutional rights and must result in a suppression of the test results."

{¶ 2} The judgment of the court of appeals is affirmed on the authority of *Hilliard v. Elfrink* (1996), 77 Ohio St.3d 155, 672 N.E.2d 166, decided today.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————